# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RICHARD ALAN DAVIS                                                           PETITIONER
ADC #89568

V.                          NO. 5:17CV00305-BSM-JTR

WENDY KELLEY, Director,
Arkansas Department of Correction                                           RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. by not objecting, you may waive the right to appeal questions of fact.

## I. Discussion

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Richard Alan Davis, an Arkansas Department of Correction ("ADC") inmate. *Doc. 2.* Before addressing Davis's habeas claims, the Court will review the procedural history of the case in state court.

In March 1988, following a jury trial in Pulaski County, Davis was convicted of aggravated robbery in Pulaski Co. Cir. Ct. Case No. 60CR-87-1685. *Doc. 2, at 37* (Judgment & Commitment Order). He was sentenced to thirty years of imprisonment in the ADC, to be served consecutively to a sentence he was already serving.[1] He did *not* seek a direct appeal. *Id. at 2.*

On June 14, 2014, Davis completed serving his *fully expired* sentence in Case No. 60CR-87-1685. *Doc. 5-7* (ADC Records Coordinator Memo). After that date, Davis remained incarcerated in the ADC on other convictions and sentences.[2]

On June 20, 2016, Davis filed a state petition for writ of habeas corpus in Lee County Circuit Court regarding the aggravated robbery conviction in Case No. 60CR-87-1685, asserting a violation under *Miranda v. Arizona*, 384 U.S. 436 (1966). *Doc. 5-6, at 1-10.* On June 29, 2016, the trial court denied the petition on the ground that Davis's *Miranda* claim was not cognizable in a state habeas proceeding. *Id. at 19-20.* On March 30, 2017, the Arkansas Supreme Court affirmed the denial

---

[1]In December 1987, Davis was sentenced to 10 years of imprisonment for aggravated robbery and theft of property convictions in Pulaski Co. Cir. Ct. Case No. 60CR-87-1738. *Docs. 5-3 & 5-7.*

[2]In March 1988, Davis was convicted of capital murder and was sentenced to life imprisonment without parole, in Pulaski Co. Cir. Ct. Case No. 60CR-87-1540. *Doc. 5-4.* In July 1988, he was convicted of aggravated robbery and theft of property in Pulaski Co. Cir. Ct. Case No. 60CR-87-1849, and received an aggregate 30-year sentence in the ADC, to be served concurrently with his prior sentences. *Doc. 5-2.*

of the state habeas petition. *Davis v. Kelley,* 2017 Ark. 110, 515 S.W.3d 112 , *cert. denied,* 138 S. Ct. 185 (2017).

On November 10, 2017, Davis initiated this § 2254 habeas action alleging that his aggravated robbery conviction in Case No. 60CR-87-1685 was obtained in violation of his Fifth Amendment right against self-incrimination. He argues that a custodial interrogation by the police was unconstitutional because, in reading his *Miranda* rights, the police failed to advise him of the right of indigent persons to have an attorney appointed at "no cost." *Doc. 2, at 15-16.*

Respondent argues that the § 2254 action should be dismissed because: (1) Davis is no longer "in custody" on the conviction and sentence in Case No. 60CR-87-1685; (2) Davis's § 2254 Petition is time-barred; and (3) his claim is procedurally defaulted. *Doc. 5.* Davis filed a Reply. *Doc. 9.*

## II. Discussion

To satisfy the jurisdictional requirements of the federal habeas corpus statutes, a prisoner must establish that he is "in custody pursuant to the judgment of a State court" in violation of the United States Constitution, federal laws or treaties. 28 U.S.C. § 2254(a). A prisoner seeking habeas relief must be "in custody" under the challenged conviction or sentence at the time his petition is filed. *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989). A petitioner is not "in custody" under a conviction "when the sentence imposed for that conviction has *fully expired* at the time his

petition is filed." *Id.* at 491 (emphasis in original); *see also Lackawanna Cnty. Dist. Att'y v. Coss,* 532 U.S. 394, 401 (2001) (petitioner who "is no longer serving the sentences imposed" pursuant to prior convictions "cannot bring a federal habeas petition directed solely at those convictions"); *Weaver v. Pung,* 925 F.2d 1097, 1099 (8th Cir. 1991) (district court lacks subject matter jurisdiction over a § 2254 petition challenging a conviction for which the sentence has fully expired at the time of filing).

In this case, it is clear that the sentence for Davis's aggravated robbery conviction in Case No. 60CR-87-1685 *fully expired* on June 14, 2014. At the time of filing this habeas petition, he was incarcerated in the ADC on separate convictions and sentences, *not* the conviction and sentence in Case No. 60CR-87-1685. In his Reply to Respondent's arguments for dismissal, Davis concedes that he "does not meet the requirements for custody" because his sentence for the "conviction under attack has fully expired," and he is "no longer in custody under that conviction." *Doc. 9, at 2.*

Under the governing law, Davis cannot bring a habeas action directed at the aggravated robbery conviction in Case No. 60CR-87-1685 because, at the time he filed this § 2254 action, he was no longer serving the sentence for that conviction. Because Davis is not "in custody" under the conviction or sentence he attacks, this Court does not have jurisdiction to reach the merits of his habeas claim.

4

Accordingly, the Court recommends that this case be dismissed for lack of jurisdiction.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Davis's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. 2,* be DENIED, and this case be DISMISSED, WITH PREJUDICE; and

2. A Certificate of Appealability be DENIED, *see* 28 U.S.C. § 2253(c); § 2254 Rule 11(a).

DATED THIS 27th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE